Opinion issued October 27, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01086-CR

———————————

Than Van Nguyen, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 10th District Court

Galveston County, Texas



Trial Court Case No. 10CR1899

 



 

MEMORANDUM OPINION

          After
a bench trial on two counts of robbery, the trial court convicted Than Van
Nguyen on one count of robbery and sentenced him to two years’ imprisonment.[1] Nguyen appeals on the
ground that the trial court erred in admitting evidence of five of his prior
convictions for impeachment purposes because the prejudicial effect of the convictions
outweighed their probative value. We conclude that the trial court did not
abuse its discretion in admitting the prior convictions. We therefore affirm
the trial court’s judgment.

Background

          D. Cumpian
is a loss-prevention detective for CVS Pharmacy. She testified that, in June
2010, she witnessed Nguyen enter a CVS store, place several items in the
pockets of his shorts, and exit the store without paying for them. Cumpian
notified the store manager that she would be making an apprehension and followed
Nguyen outside of the store. Once outside the store, Cumpian identified herself
and reached out toward Nguyen. A struggle ensued between them, during which
Nguyen struck Cumpian with his hands and feet. E. Patina, a CVS supervisor,
heard the commotion and went outside to assist Cumpian. He pulled Nguyen away
from Cumpian. Nguyen bit Patina, but Patina continued to restrain Nguyen until
the police arrived. 

The State indicted Nguyen for
robbery on allegation that, “while in the course of committing theft of
property with intent to obtain or maintain control of said property, [he]
intentionally, knowingly or recklessly caused bodily injury to [Cumpian] by
striking [her] with his hand and kicking her with his foot.” The State also charged
him with robbery on the basis of the bodily injury to Patina.

          Nguyen
waived his right to a jury trial and elected to have his case heard by the
trial court. At trial, the court admitted a video that showed Nguyen entering
and exiting CVS, as well as the struggle that ensued outside of the store.
Through a translator, Nguyen admitted to stealing the items from CVS, stating
that he was hungry and had no money with which to buy food. He testified that Cumpian
and Patina attacked him and that he fought back because Patina restrained him
in a way that hindered his breathing. He testified that he did not want to hurt
anyone but that he wanted to run away because he did not want to go to jail. He
denied striking Cumpian.

          During
Nguyen’s cross-examination, the State introduced five of Nguyen’s prior
convictions for impeachment purposes: a conviction for theft in 2007, a
conviction for felony criminal mischief in April 2005, and three felony convictions
for unauthorized use of a motor vehicle in April 2005, September 2006, and
January 2010. Nguyen’s attorney objected to the admission of the prior convictions:
“Your Honor, I would object to use of these five judgments to impeach [Nguyen].
Since his testimony and [Cumpian’s] testimony are both critical, that weighs in
the favor of excluding such evidence, and we’d ask that he be able to testify
free from that impeachment.” The trial court overruled Nguyen’s objection.

          The
trial court found Nguyen guilty of robbery on the charge relating to Cumpian
but not guilty on the charge relating to Patina, finding reasonable doubt as to
whether the injuries Nguyen caused to Patina occurred in the course of
committing the theft or whether Nguyen believed he was acting in self-defense
because his breathing was impaired. The court sentenced Nguyen to two years’
confinement for the robbery conviction. This appeal followed.

Standard of Review

We review a trial court’s decision to admit or exclude
evidence—including its determination as to whether the probative value of
evidence was substantially outweighed by its prejudicial effect—under an abuse
of discretion standard. Martinez v. State, 327 S.W.3d 727, 736 (Tex.
Crim. App. 2010), cert. denied, 180 L. Ed. 2d 253 (U.S. June 6, 2011); Green
v. State, 934 S.W.2d 92,
104 (Tex. Crim. App. 1996). A trial court abuses its discretion in this regard
if its determination “lies outside the zone of reasonable disagreement.” Martinez,
327 S.W.3d at 736; see Green, 934
S.W.2d at 104 (using similar language to describe standard).




 

Impeachment with Prior Convictions

Rule 609 of the Texas Rules of
Evidence authorizes the admission of evidence that a witness has been convicted
of a crime for the purposes of impeaching the witness’s credibility if: 

(1)
 the crime was a felony or a crime of
moral turpitude, 

 

(2)
 the trial court determines that the
probative value of admitting the evidence outweighs its prejudicial effect, and


 

(3)
 no more than ten years has elapsed since
the date of the conviction or the witness’s release from confinement imposed
for the conviction, whichever is later, unless the court makes certain specific
findings regarding the probative value of the conviction. 

 

Tex. R. Evid. 609(a),
(b). It is undisputed that the prior convictions admitted by the trial court during
the guilt-innocence phase of the trial were felonies or crimes of moral
turpitude for which Nguyen was convicted within the last ten years. Nguyen’s
challenge on appeal relates to the second requirement: whether the prejudicial
effect of the convictions outweighed their probative value. 

Nguyen does not identify what the
prejudicial effect of his prior convictions is or how it outweighs their
probative value. Instead, his only complaint is that the trial court did not
make any statements on the record regarding this balancing test. On this basis,
Nguyen asserts that the trial court erred by failing to analyze whether the
probative value of the convictions outweighed their prejudicial effect. Nguyen
recognizes that the case law establishes that a trial court need not conduct
the balancing test on the record. See
Bryant v. State, 997 S.W.2d 673, 676 (Tex. App.—Texarkana 1999, no pet.)
(“A record of [the Rule
609 balancing] test is not necessary. When considering the probative effect of
evidence versus its possible prejudicial effect, the appellate court may
presume that the trial judge conducted the balancing test, which need not be
shown in the record.”); see also Berry v.
State, 179 S.W.3d 175, 180 (Tex. App.—Texarkana 2005, no pet.); Nolen v.
State, 872 S.W.2d 807, 812 (Tex. App.—Fort Worth 1994, pet. ref’d); Walker
v. State, No. 09-09-00338-CR, 2010 WL 2533774, at *3 (Tex. App.—Beaumont
June 23, 2010, pet. ref’d) (mem. op., not designated for publication); Luna
v. State, No. 05-08-01647-CR, 2010 WL 1782237, at *6 (Tex. App.—Dallas May
5, 2010, pet. ref’d) (mem. op., not designated for publication). But Nguyen
contends that this case is distinguishable from the cases applying that rule
because the record establishes that the trial judge did not perform such a
balancing analysis. 

We disagree that the record establishes that the trial court
did not consider the probative value of Nguyen’s prior convictions and the
prejudicial effect of admitting such convictions. Nguyen’s counsel objected to
the admission of the prior convictions on that basis and nothing in the record
establishes that the trial court did not consider that objection when he
overruled it. See Rojas v. State, 986
S.W.2d 241, 250 (Tex. Crim. App. 1998) (“[W]here nothing in the record shows
the trial judge did not perform the balancing test, we have found no error when
the judge simply listened to the defendant’s objections, then overruled them.”).
We presume that the trial court did balance the prejudicial effect of Nguyen’s
prior convictions against their probative value, and the record does not
contradict that presumption. See Bryant, 997 S.W.2d at 676; Berry, 179 S.W.3d at 180; Nolen, 872
S.W.2d at 812; Walker, 2010 WL 2533774, at *3; Luna, 2010 WL 1782237, at *6. We
therefore reject Nguyen’s contention that the trial court failed to conduct the
balancing test required by Rule 609.

Moreover, even if the trial court had failed to perform the
balancing test, Nguyen could prevail on appeal only upon a showing that (1) if
the trial court had applied the balancing test, it would have resulted in the
exclusion of the prior convictions and (2) the improper admission of the prior
convictions impaired Nguyen’s substantial rights. See Craig v. State, No. 14-00-01282-CR, 2003 WL 21467209, at *2–3
(Tex. App.—Houston [14th Dist.] June 26, 2003, no pet.) (mem. op., designated
for publication) (holding, when record established that trial court failed to
perform balancing test, there was no reversible error because evidence was admissible
under test); see also Tex. R. App. P. 44.2(b) (requiring
showing of harm for reversal of criminal conviction on basis of
non-constitutional error).[2]
Although Nguyen contends that the impeachment of his credibility was harmful to
his case, he does not analyze whether the convictions’ probative value was
outweighed by their purported prejudicial effect. Additionally, the harm Nguyen
asserts is founded on the prior convictions’ impeachment of Nguyen’s
credibility—the very purpose for which such evidence may be admitted—rather
than any undue prejudice that the convictions purportedly engendered. See Tex. R.
Evid. 609(a) (authorizing admission of prior convictions to impeach
credibility of witness absent unfair prejudice that outweighs probative value of
convictions).

Finally, we note that this was a bench trial. When a case is
tried to a trial judge rather than a jury, the danger that the trial judge will
consider the extraneous offense evidence for anything other than the limited
purpose for which it was admitted—here, impeachment—is reduced, as is the
danger that the evidence will unfairly prejudice the defendant. Corley v. State, 987 S.W.2d 615, 621
(Tex. App.—Austin 1999, no pet.); see Ex
parte Twine, 111 S.W.3d 664, 668 (Tex. App.—Fort Worth 2003, pet. ref’d) (same
principle applied in context of Rule 403 balancing test); Thomas v. State,
No. 05-03-01445-CR, 2004 WL 1615836, at *3 (Tex. App.—Dallas July 20, 2004, no
pet.) (mem. op., not designated for publication) (same).




 

Conclusion

We conclude the trial court did not abuse its discretion in
admitting five of Nguyen’s prior convictions for impeachment purposes. We
therefore affirm. 

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. § 29.02
(West 2011).

 





[2]
          Nguyen admits that the error he asserts here is non-constitutional
error. See, e.g., Geuder v. State, 142 S.W.3d 372, 376 (Tex.
App.—Houston [14th Dist.] 2004, pet. ref’d) (holding that trial court’s error
in admitting prior convictions under Rule 609 is non-constitutional error); Lopez
v. State, 990 S.W.2d 770,
777 (Tex. App.—Austin 1999, no pet.) (same).