**Affirmed and Memorandum Opinion filed January 9, 2014.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-12-00803-CR

---

### ERIK MEDRANO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1305002**

---

## MEMORANDUM OPINION

Appellant, Erik Medrano, appeals his conviction for "super" aggravated sexual assault of a child, contending he received ineffective assistance of counsel. We affirm.

### I. BACKGROUND

According to the State's evidence, appellant lived in a motel room with his girlfriend for two months in early 2011. During this period, appellant penetrated

the girlfriend's four-year-old daughter, the complainant, vaginally, orally, and anally, with his penis. Appellant testified at trial and denied engaging in sexual activity with the complainant.

A jury found appellant guilty of "super" aggravated sexual assault of a child.[1] After finding an enhancement paragraph was "true," the trial court sentenced appellant to fifty years' confinement. Appellant filed a motion for new trial, asserting, inter alia, he received ineffective assistance of counsel. The trial court denied the motion by written order.

## II. INEFFECTIVE-ASSISTANCE CLAIM

In his sole issue, appellant contends he was denied effective assistance of counsel as guaranteed under the United States and Texas constitutions. To prevail on an ineffective-assistance claim, a defendant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *see Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (applying *Strickland* standard to ineffective-assistance claims under the Texas Constitution).

In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999);

---

[1] As alleged in this indictment and submitted in the jury charge, a person commits "super" aggravated sexual assault of a child, with the minimum term of imprisonment increased to 25 years, if he intentionally or knowingly causes penetration of the sexual organ of a child younger than six years by any means. *See* Tex. Penal Code Ann. §§ 22.021(a)(1)(B)(i), (a)(2)(B); 22.021(f)(2) (West Supp. 2013).

*Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, a claim of ineffective assistance must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Appellant contends his trial counsel was deficient in two respects: (1) failing to properly assert a "*Theus* motion," requesting permission for appellant to testify during the guilt/innocence phase free of impeachment by his prior felony conviction; and (2) failing to file an election for the jury to decide punishment.[2]

## A.     Failure to Properly Assert *Theus* Motion

A defendant who testifies places his credibility at issue and may be impeached like any other testifying witness. *Geuder v. State*, 142 S.W.3d 372, 375 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Under Texas Rule of Evidence 609, evidence that a witness has been convicted of a felony is admissible for purposes of attacking his credibility if the trial court determines the probative value of the evidence outweighs its prejudicial effect to a party. Tex. R. Evid. 609(a). In *Theus v. State*, the Texas Court of Criminal Appeals set forth five non-

---

[2] Appellant asserts the standard set forth in *Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980), rather than the *Strickland* standard, applies to his ineffective-assistance claim relative to the punishment phase. However, in *Hernandez v. State*, 988 S.W.2d 770, 770–74 (Tex. Crim. App. 1999), the court held the *Strickland* standard, not the *Duffy* standard (which contained no prejudice component), applies in noncapital sentencing proceedings.

exclusive factors for evaluating whether the probative value of Rule 609 evidence outweighs its prejudicial effect: (1) the impeachment value of the prior offense; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. 845 S.W.2d 874, 880 (Tex. Crim. App. 1992). In a *Theus* motion, a defendant requests permission to testify free of impeachment by evidence of a prior conviction. *See Cisneros v. State*, 290 S.W.3d 457, 468 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd).

### 1. The Record

Before voir dire, appellant's counsel informed the trial court she had filed a *Theus* motion relative to the prior felony conviction. The trial court remarked it would "take that up" at "the appropriate time." Counsel replied that, if the trial court intended to admit the conviction, counsel might mention it during voir dire to ensure no potential juror would hold it against appellant. Counsel eventually agreed with the trial court's advice that such action was risky. The State asserted it would not mention the conviction during voir dire and that during trial, the conviction "would only come up if you opened the door or your client took the stand and opened the door." Appellant's counsel responded, "I anticipate him taking the stand but not opening the door. But it could come up." Appellant's counsel did not further pursue the *Theus* motion at that point.

After the jury was impaneled, the trial court addressed appellant's motion in limine. With respect to appellant's limine request regarding his prior conviction, the following exchange occurred:

> [THE STATE]: . . . obviously, we would not go into the defendant's criminal past, the fact that he's been convicted of an aggravated

assault charge unless he opens the door or unless one of his defense witnesses opens the door as to his good character and so forth.

[APPELLANT'S COUNSEL]:  That's good.  That's what I wanted.  So, we agree.

THE COURT:  So, at this point I'm going to show that that's agreed.

After addressing other limine matters, counsel reiterated she had filed a *Theus* motion, "but it sounds like that we're not going to bring up his conviction unless I open the door.  So, it's sort of moot; but I'd still like, you know, if you could --."  The court responded, "if it gets to the point that the State wants to bring it up, I guess we can decide at that time."  Appellant's counsel did not re-assert the *Theus* motion immediately before presenting appellant's testimony.

Before cross-examining appellant, the State notified the trial court it intended to impeach appellant with the prior conviction.  Appellant's counsel expressed her understanding the conviction would not be admitted "even if he took the stand . . . as long as the door was not opened."  The trial court agreed with the State that appellant "opened the door" by taking the stand and thereby placing his credibility at issue.  Counsel responded, "Well, if we're going to open it up, then I guess we'll just open it up."

On cross-examination, the State elicited testimony and presented documents showing (1) in June 2007, appellant was placed on deferred-adjudication community supervision for aggravated assault with a deadly weapon, and (2) in April 2008, community supervision was revoked, appellant was convicted of the offense, and he was sentenced to two years' confinement.

2.     **Analysis**

Appellant contends counsel was deficient by failing to re-assert the *Theus* motion before presenting appellant's testimony.  Appellant suggests counsel did

5

not understand the law providing the conviction would be admissible if appellant testified and thereby placed his credibility at issue unless the *Theus* factors weighed against admission.

We disagree the record necessarily supports appellant's contention. Appellant presented an affidavit from counsel to support his motion for new trial, but it did not address the ineffective-assistance complaints raised on appeal. There is no express explanation in the record for counsel's actions relative to the *Theus* motion.

Regardless, even if counsel was deficient by failing to properly pursue a *Theus* motion, appellant has not demonstrated counsel provided ineffective assistance. In this regard, appellant suggests counsel's purported deficiency rendered her performance ineffective in two alternative respects.

**a.** First, appellant complains that the trial court "might" have excluded the conviction. However, the record does not support this contention. Before cross-examination, when the State expressed its intent to offer the conviction, the trial court agreed it was admissible because appellant placed his credibility at issue by testifying. The trial court did not expressly remark that, weighing the *Theus* factors, the probative value outweighed the prejudicial effect; appellant's counsel did not request the trial court to make that determination. Nevertheless, it is possible the trial court implicitly made that determination and thus would have overruled an express *Theus* motion. Even if the trial court did not implicitly make that determination, the record does not establish the court would have excluded the conviction if requested to weigh the factors—whether before or after appellant's direct examination.[3]

_____

[3] Although appellant focuses on counsel's actions before presenting appellant's testimony, counsel failed to re-assert the *Theus* motion immediately before the State's cross-

6

Moreover, to prove counsel was ineffective by failing to object to the admission of evidence, a defendant must show the trial court would have erred in overruling the objection. *See Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). The trial court would have acted within its discretion by admitting appellant's prior conviction based on weighing the *Theus* factors as follows. *See Theus*, 845 S.W.2d at 881 (stating trial court is accorded wide discretion in weighing factors and its ruling is reviewed for clear abuse of discretion).

### *Impeachment Value of the Conviction*

Crimes involving deception have a higher impeachment value than crimes of violence, and the latter have a higher potential for prejudice. *Id.* Aggravated assault with a deadly weapon is a crime of violence, rather than deception. *See Berry v. State*, 179 S.W.3d 175, 180 (Tex. App.—Texarkana 2005, no pet.). Therefore, this factor weighed in favor of excluding the conviction.

### *Temporal Proximity*

The second factor will favor admission if the past crime is recent and the witness has demonstrated "a propensity for running afoul of the law." *Theus*, 845 S.W.2d at 881. The prior offense satisfied this factor because appellant was convicted only three years before committing the offense charged in the present case. *See Huerta v. State*, 359 S.W.3d 887, 893 (Tex. App.—Houston [14th Dist.]

examination—when it became clear the State intended to offer the conviction solely because appellant testified and placed his credibility at issue. Because the trial court stated the conviction was admissible, counsel may have intentionally refrained from making any further challenge, considering her comment, "Well, if we're going to open it up, then I guess we'll just open it up." Counsel may have strategized that further argument about the specific *Theus* factors was futile and she would instead attempt to use the conviction to appellant's advantage or minimize its negative effects, which she subsequently did during re-direct examination and closing argument. Even if counsel's failure to re-assert the *Theus* motion at that point was not motivated by any strategy, appellant cannot prove counsel was ineffective because (1) the record does not establish the trial court would have granted the motion, and (2) the court would have acted within its discretion by denying the motion.

7

2012, no pet.) (holding prior conviction three years before charged offense was sufficiently recent to satisfy second *Theus* factor).

### *Similarity*

Similarity between a past crime and the charged offense weighs against admissibility of a prior conviction because it "presents a situation where the jury would convict on the perception of a past pattern of conduct, instead of on the facts of the charged offense." *Theus*, 845 S.W.2d at 881. Although aggravated assault with a deadly weapon and aggravated sexual assault of a child are both assaultive offenses with an aggravating element, they were different in pertinent respects: with the latter offense, the aggravating element was the age of the complainant, rather than a violent act such as use of a deadly weapon, the offense was of a sexual nature, and the complainant was a child. Thus, there was no risk of the jury convicting appellant of aggravated sexual assault of a child based on any pattern of committing the same or a similar offense.

Moreover, the trial court instructed the jury that it could not consider the prior conviction as evidence of guilt for the charged offense and the conviction could be considered solely to decide the weight to give appellant's testimony. This instruction lessened any prejudicial effect. *See Norris v. State*, 902 S.W.2d 428, 441 (Tex. Crim. App. 1995), *overruled on other grounds by Roberts v. State*, 273 S.W.3d 322 (Tex. Crim. App. 2008). We presume the jury followed the instruction. *See Gamez v. State*, 737 S.W.2d 315, 324 (Tex. Crim. App. 1987). Therefore, as appellant acknowledges, this factor weighed in favor of admissibility.

### *Importance of Witness's Testimony and Credibility*

"[W]hen the case involves the testimony of only the defendant and the State's witnesses, . . . the importance of the defendant's credibility and testimony

8

escalates" and "so will the need to allow the State an opportunity to impeach the defendant's credibility." *Theus*, 845 S.W.2d at 881. As appellant acknowledges, this factor weighed in favor of admissibility because he was the only witness who directly refuted the State's evidence. Appellant's other witnesses provided fairly weak, circumstantial evidence on which counsel relied when arguing appellant did not commit the offense.[4] *See Miller*, 196 S.W.3d at 268–69 (holding fourth and fifth factors weighed in favor of admitting prior conviction although trial did not involve solely testimony of defendant and State's witnesses because defendant's other witness testified regarding a limited matter and did not provide an alibi for defendant or refute he possessed methamphetamine, as charged).

In summary, because only the impeachment-value factor weighed against admission, the trial court would have properly overruled a *Theus* motion. *See id.* at 269 (holding trial court did not abuse its discretion by admitting prior conviction when only impeachment-value factor weighed against admission). Accordingly, we reject appellant's contention that any deficiency in counsel's performance resulted in improper admission of the prior conviction.

**b.** Second, appellant complains that counsel "could have" refrained from proffering appellant's testimony if the trial court had denied a *Theus* motion, so that the jury would not learn of the prior conviction. Unlike appellant's previous contention, this complaint rests on an acknowledgement the conviction was admissible; but appellant suggests counsel should have known that fact before presenting appellant's testimony.

---

[4] Specifically, appellant presenting testimony purporting to show (1) the complainant's mother's work schedule during the relevant period was so busy that appellant lacked significant time around the child, (2) the complainant's account of the incidents at issue were formulated from her sexual curiosity, and (3) on certain occasions during the relevant period, the complainant appeared at ease around appellant.

Without an explanation from counsel, it is pure speculation to conclude she would have refrained from presenting appellant's testimony if she had known the trial court intended to admit the conviction. It is plausible counsel would have strategized appellant's testimony was vital despite the jury learning of the conviction. The only indication in the record regarding counsel's strategy suggests her decision to present appellant's testimony did not turn on whether the conviction would be admitted. Specifically, before voir dire, counsel asserted that appellant planned to testify and if the trial court intended to admit the conviction, counsel might mention it during voir dire to ensure the jury would not hold it against appellant. Finally, "[t]he decision whether to present witnesses is largely a matter of trial strategy." *Shanklin v. State*, 190 S.W.3d 154, 164 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd). Appellant presents no argument, and cites no evidence, showing a strategy to present appellant's testimony even if it meant the jury would learn of his prior conviction would have been "so outrageous that no competent counsel" would engage in such action. *See Goodspeed*, 187 S.W.3d at 392.

## B.     Failure to File Punishment Election

Next, appellant argues counsel was ineffective by failing to make an election for the jury, rather than the trial court, to assess appellant's punishment.

Generally, in noncapital cases, the trial court is responsible for assessing a defendant's punishment unless the defendant elects for the jury to do so. Tex. Code Crim. Proc. Ann. art. 37.07, §2(b) (West Supp. 2013). The defendant must make the election "in writing before the commencement of the voir dire examination of the jury panel." *Id.*

While explaining the trial process to the jury panel during voir dire, the trial court stated it would decide appellant's punishment in the event of a guilty verdict.

10

Appellant's counsel interjected that "I was going to let" the jury decide punishment but acknowledged she had not filed an election. Subsequently, the trial court conducted a bench conference, which included the following exchange.

> THE COURT: You mentioned that your client wanted to go to the jury, but you didn't file an election of punishment in a timely matter.
>
> [APPELLANT'S COUNSEL]: I think -- the other -- I know. My mistake. Actually, I just wanted to make sure that we get in to the voir dire the 25 years; and as long as we got that in, that was sufficient because, really, it didn't matter to him whether it was Judge or jury. In the trials I've been in before . . . the clerk sort of gave it to me, and I thought that was the protocol.

Appellant argues counsel's remark "my mistake" shows she and appellant had discussed that a jury would decide punishment but counsel's failure to properly file an election resulted in the trial court deciding punishment. We disagree. Counsel's admission that she failed to properly file an election does not demonstrate appellant wanted the jury to decide punishment. *See Redmond v. State*, 30 S.W.3d 692, 698 (Tex. App.—Beaumont 2000, pet. ref'd) (recognizing punishment election belongs to defendant, not trial counsel, so ineffective assistance would lie in not providing sufficient information for defendant to make informed choice or in failing to properly execute defendant's election). The record contains no evidence that appellant wanted a jury to decide punishment, much less that he made such wish known to counsel. The only indication regarding appellant's wishes is counsel's comment that appellant had no preference as long as the jury was informed about the minimum punishment.[5] This purpose was satisfied because the trial court had already informed the jury the minimum

---

[5] Although the trial court recalled that counsel had mentioned her "client wanted" the jury to assess punishment, the record shows that is not what counsel said. Rather, counsel mentioned that "I was going to let the jury decide the issue of punishment."

punishment was twenty-five years.  Further, the record is silent on whether counsel adequately discussed the punishment-election issue with appellant.  Accordingly, appellant has not established his counsel was ineffective by failing to file an election for the jury to decide punishment.

Having rejected both sub-issues of appellant's ineffective-assistance contention, we overrule his sole issue and affirm the trial court's judgment.


/s/ John Donovan
   Justice


Panel consists of Justices Christopher, Busby, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).