**Sha–Ron Donte BERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–05–00012–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 7, 2005.

Decided Oct. 21, 2005.

Kevin Sekaly–Cribbs, Sekaly and Sekaly, Beaumont, for appellant.

Rodney D. Conerly, Wayne G. Thompson, Beaumont, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Sha–Ron Donte Berry appeals from his conviction by a jury for aggravated assault with a deadly weapon.[1] Punishment was enhanced on a finding by the jury that Berry had previously been convicted of a felony.[2] The jury assessed punishment at fifteen years' imprisonment, and the court sentenced Berry accordingly. We affirm the conviction, but reverse and remand for a new trial on punishment.

■ In his first point of error, Berry contends the State failed to meet its burden of proof that the prior conviction, alleged in the indictment for enhancement of punishment, was final at the time of the commission of the primary offense. We agree.

The indictment alleged Berry committed the primary felony offense on or about June 1, 2002. It also alleged that, before the commission of that offense, Berry had been finally convicted of aggravated as-

sault with a deadly weapon May 29, 2001. The jury found him guilty of the primary offense. The jury also found the enhancement paragraph to be true.

At the trial on punishment, the State introduced evidence of Berry's prior felony conviction. Berry stipulated that the offense pertained to him. The documents introduced by the State showed that Berry committed the prior felony June 30, 2000, that the trial court rendered judgment May 30, 2001, and that the court of appeals issued its mandate affirming the conviction August 29, 2002.

The Texas Court of Criminal Appeals has held that, for enhancement purposes, a conviction is not final until the appellate court issues its mandate affirming the conviction. *Beal v. State*, 91 S.W.3d 794, 796 (Tex.Crim.App.2002). The parties agree the felony used for enhancement was not final at the time of the commission of the present offense.

■ The State contends Berry waived any error on this issue by failing to object to the enhancement paragraph before trial. While the enhancement paragraph in the indictment may have been sufficient to charge the finality of the prior conviction, it was not sufficient to prove the finality of that conviction. *See Jones v. State*, 711 S.W.2d 634, 635 (Tex.Crim.App.1986) (citing *Scott v. State*, 553 S.W.2d 361 (Tex. Crim.App.1977)). The State still had the burden to make a prima facie showing that any prior conviction alleged for enhancement became final before the commission

---

1. Tex. Pen.Code Ann. § 22.02(a)(2) (Vernon Supp.2004–2005).

2. The offense charged by the indictment, without the enhancement, was a second degree felony, punishable by imprisonment for two to twenty years, and a fine of up to $10,000.00. *See* Tex. Pen.Code Ann. § 12.33 (Vernon 2003), § 22.02(b) (Vernon Supp.

2004–2005). With the enhancement, it was punishable as a first degree felony, with a punishment range of imprisonment for life or for five to ninety-nine years, and a fine of up to $10,000.00. *See* Tex. Pen.Code Ann. § 12.32 (Vernon 2003), § 12.42(b) (Vernon Supp. 2004–2005).

of the primary offense. *See Diremiggio v. State,* 637 S.W.2d 926, 928 (Tex.Crim.App. [Panel Op.] 1982). Only then would the burden shift to Berry to prove otherwise. *See id.*

Here, the evidence offered by the State clearly proved that the prior felony conviction was *not* final before the commission of the primary offense. The State, therefore, failed to meet its burden of proof. Because the State failed to make a prima facie showing of finality, Berry had no burden to carry; nor was he obligated to complain about or object to the lack of finality of the alleged prior conviction. *Jones,* 711 S.W.2d at 636.

■ Even though it was error to enhance Berry's primary offense with a prior conviction that was not final at the time of the commission of that offense, any non-constitutional error, defect, irregularity, or variance that does not affect a substantial right must be disregarded. *See* TEX.R.APP. P. 44.2(b). The State contends that, because the punishment assessed was within the range for a second degree felony, any error resulting from its failure to make a prima facie showing of finality was harmless. We disagree.

■ A substantial right is affected when the error has a substantial and injurious effect or influence on the jury's verdict. *Johnson v. State,* 43 S.W.3d 1, 4 (Tex. Crim.App.2001). In determining whether the error affected the jury's verdict, we must examine the entire record. *See Schutz v. State,* 63 S.W.3d 442, 444 (Tex. Crim.App.2001).

By finding the enhancement paragraph true, the jury was required to consider a greater range of punishment. Instead of not less than two nor more than twenty years' imprisonment for a second degree felony, the jury considered the first degree felony punishment range of life imprisonment or five to ninety-nine years. *See* TEX. PEN.CODE ANN. §§ 12.32(a), 12.33(a).

Berry was assessed fifteen years' imprisonment, well within the second degree felony range of punishment. However, the jury was allowed to consider a prior offense for enhancement of punishment purposes that was, as a matter of law, unavailable for such purposes. The State, in its closing argument to the jury (consisting of four and one-half pages in the record), emphasized the prior conviction and twice reminded the jury that the punishment range was "five to life." The record affirmatively shows the jury did consider the prior offense during its deliberations by the fact that it sent a note to the trial court asking, "Will the five year sentence for prior conviction be added or run concurrently?" Further, the foreperson of the jury, when announcing the jury's verdict, stated, "We, the jury, find that prior to the commission of the offense for which we have found the defendant guilty, the defendant was previously convicted of a felony offense, as alleged in the indictment, . . . ." Nothing in the record provides us with a basis to reasonably infer that the same sentence would have been levied had the prior offense not been considered. *See Fortier v. State,* 105 S.W.3d 697, 700 (Tex. App.-Amarillo 2003, pet. ref'd).

The punishment assessed by the jury was nearer the maximum number of years allowed for a second degree felony than the minimum, and was nearer the minimum for the enhanced range than the maximum. Therefore, we are not convinced that, without the enhancement paragraph, the jury would have assessed the same punishment. Indeed, it is reasonable to conclude that, without such enhancement, the jury would have assessed a lower punishment. Consequently, we cannot say that the error did not have a substantial and injurious effect or influ-

ence on the jury's verdict. *Sims v. State,* 84 S.W.3d 768, 780 (Tex.App.-Dallas 2002, pet. ref'd). We hold the error was not harmless. Berry's first point is sustained.

In his second, third, and fourth points of error, Berry contends the trial court erred, during the guilt/innocence phase of the trial, by admitting testimony from Berry himself regarding the prior conviction alleged for enhancement.

■ The admission of extraneous offense evidence is reviewed under an abuse of discretion standard. *Rankin v. State,* 974 S.W.2d 707, 718 (Tex.Crim.App.1996) (op. on reh'g). If the trial court properly admits the evidence in light of the factors enunciated in *Montgomery v. State,* 810 S.W.2d 372 (Tex.Crim.App.1990), and the court's decision to admit the evidence is "within the zone of reasonable disagreement," the trial court's decision will be upheld. *Rankin,* 974 S.W.2d at 718.

Berry contends in his second point of error the trial court erred because the testimony elicited by the State was false. Specifically, Berry asserts that the State's use of the prior conviction as if it were final at the time of the commission of the primary offense was inappropriate. The relevant testimony is as follows:

[State:] Have you been convicted of a felony or crime of moral turpitude?

[Berry:] Yes.

. . . .

[State:] What felony?

[Berry:] Aggravated assault.

[State:] With a deadly weapon?

[Berry:] Yes.

. . . .

[State:] And then on June 1st, 2002, you've got a pistol; and you're doing it again? Yes?

[Berry:] Yes, but I don't see it that way.

. . . .

[State:] At the time of this offense, June 1st, 2002, you were a convicted felon?

[Berry:] Yes.

[State:] And you had a pistol?

[Berry:] Was I a convicted felon at that time when the second one happened?

[State:] At the time of June 1st, 2002, you were a convicted felon and you had a pistol?

[Berry:] Well, my case was still under review at that time. That's how I was out. That's how I was still out.

[State:] You were convicted on May 23rd, 2001. You told the jury that just a minute ago.

[Berry:] Well, I was on appeal bond. That's how I was out. It wasn't [af-]firmed yet at that time is what I'm saying.

[State:] And you had a pistol?

[Berry:] Yes.

None of the elicited testimony is false. Berry had been convicted of aggravated assault May 23, 2001, and that conviction became final August 29, 2002. The trial of the instant case commenced November 29, 2004. That conviction, although not final for purposes of enhancement of punishment (as discussed above), was a final conviction for purposes of impeachment. *See* Tex.R. Evid. 609. For reasons stated below, we hold the trial court's decision to admit this testimony for impeachment purposes was reasonable. Berry's second point of error is overruled.

■ Berry next contends the trial court abused its discretion because the testimony quoted was far more prejudicial than probative. Berry asserts the trial court did not perform a Rule 609 balancing test for the admissibility of this conviction.

*See* TEX.R. EVID. 609(a). We have previously held that a record of such a test is not necessary. When considering the probative effect of evidence versus its possible prejudicial effect, the appellate court may presume that the trial court conducted the balancing test, which need not be shown in the record. *Bryant v. State*, 997 S.W.2d 673, 676 (Tex.App.-Texarkana 1999, no pet.).

Both Berry and the State correctly cite *Theus v. State*, 845 S.W.2d 874 (Tex.Crim. App.1992), as controlling authority on the admissibility of this conviction for impeachment purposes. In *Theus*, the Texas Court of Criminal Appeals set forth five nonexclusive factors the trial court should consider in the application of Rule 609 and in weighing the probative value of a prior conviction against its prejudicial effect: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense, and the witness' subsequent history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. *Id.* at 880.

■ Wide discretion is accorded the trial court's decision in weighing these factors, and the decision should be reversed on appeal only if there is a showing of a clear abuse of discretion. *Id.* at 881 (citing *Montgomery*, 810 S.W.2d at 391 (op. on reh'g)).

The court in *Theus* held that the impeachment value of crimes involving moral turpitude and deception is higher than crimes involving violence, and the rule favors the admission of evidence of those types of crimes. Berry's past crime involved violence. Therefore, the first factor weighs against admission. *See id.* With regard to temporal proximity, the evidence shows that the prior conviction was well within the ten-year period provided by TEX.R. EVID. 609(b). Therefore, the second factor weighs in favor of admission.

■ As to the similarity between the past crime and the offense being prosecuted, the two crimes were the same offense: aggravated assault, with a deadly weapon. The Texas Court of Criminal Appeals stated in *Theus*: "If ... the past crime and the charged crime are similar, the third factor will militate against admission." *Theus*, 845 S.W.2d at 880. This is presumably because the jury would be more likely to consider such past crime as proof of character rather than credibility. The third factor, therefore, weighs against admission in this case.

As for the fourth and fifth factors, Berry and the complainant were the only witnesses at the time of the offense. Therefore, Berry's testimony and his credibility as a witness were very important. Hence, these factors weigh heavily in favor of admission.

Affording the trial court the wide discretion mandated by *Theus*, we hold the trial court properly permitted the State to impeach Berry with this prior criminal conviction. The third point of error is overruled.

Berry finally contends the trial court erred in admitting the above-quoted testimony in violation of Rule 404 of the Texas Rules of Evidence to prove character in conformity. In support of this contention, Berry asserts again the State elicited false testimony regarding his prior conviction. We have already addressed the contention of false testimony.

Further, as discussed above, the trial court acted reasonably in allowing this testimony for the purposes of impeachment. Again, we must afford the trial court wide discretion. From the record before us, we cannot say the testimony was admitted

solely to show Berry's propensity for violence. Berry's fourth point of error is overruled.

Having sustained Berry's first point of error and overruled his remaining points, we affirm the judgment of conviction, but reverse the sentence imposed and remand the case for a new punishment trial. *See* Tex.Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp.2004–2005). The State is prohibited from again attempting to use the alleged prior felony conviction for the purpose of enhancing Berry's punishment for the primary offense alleged. *See Jones,* 711 S.W.2d at 636.

We affirm the judgment of conviction. We reverse the sentence imposed and remand the case for a new punishment trial, in accordance with this opinion.