

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00214-CR

_____

HUGO MEDINA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
Dallas County, Texas
Trial Court No. F11-50895-H

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Hugo Medina, having been convicted by a jury for aggravated robbery enhanced by a prior felony conviction and with a deadly weapon finding and having been assessed a penalty of eighteen and one-half years' imprisonment and a $1,000.00 fine by that jury, has prosecuted this appeal.[1]  *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2011), § 29.03 (West 2011).

The events leading up to Medina's conviction commenced January 6, 2011.  Martin Puente had installed an alarm on his automobile which delivered a signal to Puente's pager to alert him if the automobile had been disturbed.  Responding to an alert from the alarm device, Puente rushed to his car in the early morning hours, only to discover that the window on the driver's side of his car had been smashed and that Medina was ensconced in the driver's seat.

Puente testified that Medina leapt from the vehicle, bearing the car's radio in his hands, and began to run, with Puente behind him in hot pursuit.  The chase lasted only about twenty feet when Medina turned and stabbed Puente with a screwdriver.  As it developed, this course of action was not in Medina's best interests because Puente began to pummel Medina with his fists. Puente testified that "all I had was just my hands and my two fists.  That's the only thing I needed to defend myself."  Medina exclaimed "[t]hat's enough, that's enough," upon which Puente ceased punching Medina.  Medina told Puente that "[t]his is what I do for a living," and then

_____

[1]Originally appealed to the Dallas Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).  Unless otherwise noted, we are unaware of any conflict between precedent of the Dallas Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

2

claimed that Puente owed some money to a person by the name of "Big Vic." Puente denied knowing anyone by the name of "Big Vic."

Officer Kyle Kelly, a police officer with the Dallas Police Department, testified that Medina confessed at the scene that "he hits licks for 'Big Vic,'" Kelly explaining that "a lick is when someone goes out to break into somebody's vehicle or house to take something that they consider valuable." Other than that statement, Medina told Kelly he could not remember anything about the evening except having been beaten up. Kelly also testified that when he arrived at the scene, he observed that the radio had been removed from Puente's vehicle, that a car radio was sitting on the ground next to Medina, and that a screwdriver was discovered in the pocket of Medina's coat. Detective Marshall McLemore, a crime scene detective with the Dallas Police Department who photographed Medina at the hospital, testified that a screwdriver can be used as a deadly weapon.

At trial, Medina testified[2] that he was simply an innocent bystander in the incident. The State questioned Medina, over defense objection, concerning numerous prior felony convictions. Medina admitted he had been previously convicted of robbery, evading arrest, possession of a

---

[2]Medina denied saying anything about "Big Vic," and his version of the events was that while he was returning from eating breakfast, he remembered he had failed to get cigarettes, so he took a shortcut to the store by scaling a fence. He said that he observed an automobile whose alarm had been set off and there was a green Maxima speeding from the scene. Medina then testified that he was tackled by Puente, who bore a screwdriver as a weapon; he and Puente struggled over possession of the screwdriver. When he wrestled the screwdriver away, Medina claimed he put it in his pocket to prevent the other man from getting it back. A white Ford Crown Victoria hurriedly arrived on the scene and a man then jumped out, knocking Medina unconscious. When he regained consciousness, Puente and a skinny man with a beard were hitting him.

3

controlled substance, unauthorized use of a motor vehicle, and three convictions for burglary of a motor vehicle.

Medina raises three issues on appeal, arguing that the trial court erred in admitting evidence that Medina had previously been convicted of burglary of a motor vehicle, unauthorized use of a motor vehicle, and robbery.[3] The State argues that there was no error on the part of the trial court, saying that admission of evidence of each of these offenses lay within the discretion of the trial court; the State alternatively argues that if admission of evidence of any of the offenses was error, it was harmless error.[4]

**The *Theus* Factors**

A defendant who testifies at trial may be impeached in the same manner as any other testifying witness. *Alexander v. State*, 740 S.W.2d 749, 763 (Tex. Crim. App. 1987). Pursuant to Rule 609(a) of the Texas Rules of Evidence, a defendant who testifies may generally be impeached by evidence of a prior felony conviction or conviction of a crime involving moral turpitude if the probative value of admitting the evidence outweighs its prejudicial effect. TEX. R. EVID. 609(a); *Theus v. State*, 845 S.W.2d 874, 879 (Tex. Crim. App. 1992); *Miller v. State*, 196 S.W.3d 256, 267–68 (Tex. App.—Fort Worth 2006, pet. ref'd) (per curiam); *Livingston v. State*, No. 06-11-00051-CR, 2011 Tex. App. LEXIS 9054 (Tex. App.—Texarkana Nov. 15, 2011, no

---

[3]Medina does not challenge the introduction of impeachment evidence establishing Medina had also been convicted of evading arrest and possession of a controlled substance.

[4]*See* TEX. R. APP. P. 44.2(b). The State directs our attention to the fact that the trial court gave a limiting instruction which commanded the jury not to consider the prior convictions for any purpose other than credibility.

pet.) (mem. op., not designated for publication).[5] The Texas Court of Criminal Appeals has announced five factors to consider in determining whether the probative value outweighs the prejudicial effect:

> (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the witness' subsequent history, (3) the similarity between the past crime and the offense being prosecuted, (4) the importance of the defendant's testimony, and (5) the importance of the credibility issue.

*Theus*, 845 S.W.2d at 880. We presume that the trial court conducted the necessary balancing test; the court's reasoning does not need to be announced for the record. *Stern v. State*, 922 S.W.2d 282, 287 (Tex. App.—Fort Worth 1996, pet. ref'd). "Wide discretion is accorded the trial court's decision in weighing these factors, and the decision should be reversed on appeal only if there is a showing of a clear abuse of discretion." *Berry v. State*, 179 S.W.3d 175, 180 (Tex. App.—Texarkana 2005, no pet.).

**(1)     The Trial Court Did Not Abuse Its Discretion in Admitting the Burglary Conviction**

In Medina's first issue, he takes the position that the trial court abused its discretion in admitting three burglary convictions: two convictions which occurred April 27 (year not known) and a burglary conviction August 20, 2008.

Under the first factor, consideration must be given to the impeachment value of the prior conviction. The Texas Court of Criminal Appeals has instructed the impeachment value of prior

---

[5]Although the unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

offenses involving deception is greater than for offenses involving violence. *Theus*, 845 S.W.2d at 881. Burglary has been found to be a crime of deception. *Baca v. State*, 223 S.W.3d 478, 484 (Tex. App.—Amarillo 2006, no pet.). Accordingly, the first factor favors admissibility of evidence of the conviction.

The second factor (temporal proximity and subsequent history) favors admission of past offenses if they are recent and the witness "has demonstrated a propensity for running afoul of the law." *Theus*, 845 S.W.2d at 881. When a period of more than ten years elapses after the date of conviction or release from confinement for the conviction, Rule 609(b) requires an additional finding that the probative value "substantially outweighs" the prejudicial effect.[6] TEX. R. EVID. 609(b). Although the record does not establish what year the first two convictions occurred,[7] the third burglary of a vehicle conviction occurred August 20, 2008. This conviction was recent and all three convictions display a propensity for "running afoul" of the law. The second factor favors admission.

The third factor considers the similarity of the offenses. The Texas Court of Criminal Appeals has explained:

---

[6]We note the Texas courts of appeals are split concerning the continued validity of the prerule "tacking" exception which permits admission of a remote conviction when the defendant has committed another felony or crime of moral turpitude within the previous ten years. *Compare Jackson v. State*, 50 S.W.3d 579, 592 (Tex. App.—Fort Worth 2001, pet. ref'd), *and Rodriguez v. State*, 31 S.W.3d 359, 363 (Tex. App.—San Antonio 2000, pet. ref'd), *with Hankins v. State*, 180 S.W.3d 177, 179 (Tex. App.—Austin 2005, pet. ref'd). Because Medina does not argue any of his prior convictions were too remote under Rule 609(b), it is not necessary for us to decide whether the "tacking" exception is still valid.

[7]Medina neither argues that failure to prove the date of commission resulted in reversible error, nor that they are so old as to be excluded for remoteness.

> If, however, the past crime and the charged crime are similar, the third factor will militate against admission. . . . The rationale behind this is that the admission for impeachment purposes of a crime similar to the crime charged presents a situation where the jury would convict on the perception of a past pattern of conduct, instead of on the facts of the charged offense.

*Theus*, 845 S.W.2d at 880 (citations omitted). Medina argues the offense of burglary of a motor vehicle is extremely similar to the facts of the charged offense and the State agrees. Until Puente interrupted Medina, Medina was in the process of committing burglary of a vehicle. The third factor weighs against admissibility.

Due to their interrelation, the fourth and fifth factors are normally considered together "because both depend on the nature of a defendant's defense and the means available to him of proving that defense." *Id.* at 881. In this analysis, we consider the importance of the defendant's testimony and the importance of the credibility issue. Citing *Dale v. State*, 90 S.W.3d 826, 830 (Tex. App.—San Antonio 2002, pet. ref'd), Medina argues that these two factors cancel each other out. In *Dale*, the San Antonio court held "each mitigates the other's effect." *Id.* at 831. We agree with the State that this approach misapplies the fourth and fifth factors.

The Texas Court of Criminal Appeals has noted that "[w]hen the case involves the testimony of only the defendant and the State's witnesses, the importance of the defendant's credibility and testimony escalates" and "so will the need to allow the State an opportunity to impeach the defendant's credibility." *Id.* In other words, the two factors complement each other. The importance of the defendant's testimony increases the importance of credibility and both

7

factors favor admission of the prior convictions. If the testimony of the defendant is not important, the factor weighs against admission out of concern that the defendant will be convicted for being a criminal generally. As noted by the State, the San Antonio court applied the factors in a complementary manner in *Gage v. State*, No. 04-03-00250-CR, 2005 Tex. App. LEXIS 531 (Tex. App.—San Antonio Jan. 26, 2005, no pet.) (mem. op., not designated for publication). Further, other courts of appeals, including this Court and the Dallas Court of Appeals, have interpreted the factors to complement each other. *See, e.g.*, *Thomas v. State*, 312 S.W.3d 732, 740 (Tex. App.—Houston [1st Dist.] 2009, no pet.), *cert. denied*, 131 S.Ct. 301 (2010); *Johnson v. State*, 271 S.W.3d 756, 764 (Tex. App.—Waco 2008, pet. ref'd); *Tamez v. State*, 205 S.W.3d 32, 39 (Tex. App.—Tyler 2006, no pet.); *Berry*, 179 S.W.3d at 180; *Luna v. State*, Nos. 05-08-01647-CR, 05-08-01648-CR, 2010 Tex. App. LEXIS 3316 (Tex. App.—Dallas May 5, 2010, pet. ref'd) (not designated for publication). Pursuant to TEX. R. APP. P. 41.3, we are required to apply the precedent of the Dallas Court of Appeals instead of the precedent of the San Antonio Court of Appeals.

The fourth and fifth factors favor admission. As argued by the State, Medina's testimony and credibility were of significance. Medina's entire defense (i.e., that he was an innocent bystander mistaken for the actual thief) depended on his testimony, and the strength of his testimony hinged on his credibility. As such, the importance of Medina's testimony and credibility favors admission.

Reviewing the above analysis, it would appear that four of the *Theus* factors favor admission, but only one factor—the similarity of the offense—weighs against admission. Texas courts have consistently found that admission of evidence concerning a prior conviction is not an abuse of discretion when the similarity of the offenses is the only factor weighing against admission. *See, e.g.*, *Thomas*, 312 S.W.3d at 740; *Tamez*, 205 S.W.3d at 39; *Berry*, 179 S.W.3d at 180. The trial court did not abuse its discretion in allowing the admission of these offenses. Accordingly, we overrule Medina's first issue.

**(2)**      **The Trial Court Did Not Abuse Its Discretion in Admitting the Unauthorized Use of A Motor Vehicle Conviction**

In Medina's second issue, he argues the trial court abused its discretion in admitting a conviction for unauthorized use of a motor vehicle on April 16, 2004.

The first factor concerns the impeachment value of the prior conviction. Unauthorized use of a motor vehicle has been found to be a crime of deception. *Thomas*, 312 S.W.3d at 739; *Baca*, 223 S.W.3d at 484. The first factor favors admissibility.

The second factor (temporal proximity and subsequent history) favors admission. Although the conviction for unauthorized use of a motor vehicle was several years old, it was not too remote to be considered and the conviction demonstrates a propensity for "running afoul" of the law.

The third factor (similarity of the offenses) weighs neither in favor nor against admission. Medina argues this offense is similar to burglary of a vehicle. Although both the charged crime

9

and the prior conviction involved a motor vehicle, that is the only similarity. Unauthorized use of a motor vehicle, unlike burglary of a vehicle, does not require an intent to commit a felony or theft. *Compare* TEX. PENAL CODE ANN. § 31.07 (West 2011) *with* TEX. PENAL CODE ANN. § 30.04 (West Supp. 2011). Unauthorized use of a motor vehicle only requires operation without the effective consent of the owner. TEX. PENAL CODE ANN. § 31.07. Further, there is no element of violence or threat of violence in the charge of unauthorized use of a motor vehicle, whereas the charged offense, robbery, requires bodily injury or threat thereof. *See* TEX. PENAL CODE ANN. § 29.02 (West 2011). In the absence of facts indicating additional similarities with the charged offense, there is a lessened possibility that the jury would find a pattern of conduct. We conclude this factor neither weighs for nor against admissibility.

The fourth and fifth factors favor admission. As argued by the State, Medina's testimony and the credibility of that testimony were of significance. As noted above, Medina's defense depended on his testimony and credibility. The importance of Medina's testimony and his credibility favors admission.

Four of the *Theus* factors favor admission. The remaining factor, the similarity of the offense, neither weighs for nor against admission. The trial court did not abuse its discretion and Medina's second issue is overruled.

**(3)    The Trial Court Did Not Abuse Its Discretion in Admitting the Robbery Conviction**

Medina argues in his final issue that the trial court abused its discretion in admitting a December 6, 2005, conviction for robbery.

The first factor concerns the impeachment value of the prior conviction. We note the Texas courts of appeals have disagreed concerning whether the impeachment value of robbery weighs for or against admission because it is not absolutely clear whether robbery is a crime of deception. *Davis v. State*, 259 S.W.3d 778, 784 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (first factor weighs against admission); *Jackson*, 50 S.W.3d at 592 (first factor weighs against admission); *Bennett v. State*, No. 05-01-01056-CR, 2002 Tex. App. LEXIS 6985, at *18 (Tex. App.—Dallas Oct. 1, 2002, pet. ref'd) (not designated for publication) (concluding first factor weighed neither for nor against admission). Because this case has been transferred to this Court from the Dallas Court of Appeals, we are required to apply the precedent established by that court.[8] *See id.* Using that precedent, we find that the first factor is neutral, weighing neither for nor against admission.

---

[8]Pursuant to TEX. R. APP. P. 41.3, we note that we would have reached the same decision even if we were not required to decide the issue in accordance with the transferor court's precedent. This Court has held theft to be a crime of deception. *See Bryant v. State*, 997 S.W.2d 673, 676 (Tex. App.—Texarkana 1999, no pet.). Robbery, which involves theft through violence, is a crime of both deception and violence. When distinguishing between crimes of deception and crimes of violence, the Texas Court of Criminal Appeals recognized two policies: (1) "the impeachment value of crimes that involve deception is higher," and (2) crimes that involve violence "have a higher potential for prejudice." *Theus*, 845 S.W.2d at 881. As a crime of both deception and violence, these two policies conflict. Given the deception policy favors admission and the violence policy weighs against admission, we believe the approach of the Dallas Court of Appeals is the most appropriate.

11

The second factor favors admission. Although the conviction for robbery was several years old, it was not remote and demonstrates a propensity for "running afoul" of the law.

As argued by Medina, the third factor, the similarity of the offenses, weighs against admission, a conclusion in which the State concurs.

The fourth and fifth factors concern the importance of Medina's testimony and credibility. Medina's testimony and credibility were of enormous significance. As noted above, Medina's defense depended on his testimony and the credibility to which the jurors could attribute that testimony. The importance of Medina's testimony and credibility favor admission.

The only factor that weighs against admission is the similarity of the offenses. Three of the factors (i.e., the first, fourth, and fifth) all weigh in favor of admission. The first factor, the impeachment value, weighs neither for nor against admission. We are required to defer to the trial court's decision unless it was a clear abuse of discretion. Because the trial court's decision was within the zone of reasonable disagreement, we overrule Medina's third issue.

The trial court did not clearly abuse its discretion in permitting Medina to be cross-examined concerning his prior convictions. For the reasons stated, we affirm.


Bailey C. Moseley
Justice

Date Submitted:     April 9, 2012

12

Date Decided: April 17, 2012

Publish