

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00105-CR

TIMOTHY BRIAN KIRKPATRICK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2022F00103

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

A Cass County jury convicted Timothy Brian Kirkpatrick of aggravated sexual assault of a child and assessed a sentence of ninety-nine years' imprisonment. *See* TEX. PENAL CODE ANN. § 22.021. In his sole point of error on appeal, Kirkpatrick argues that the trial court erred by failing to allow him to impeach a witness with a prior conviction over a decade old. Because we find that the trial court did not abuse its discretion by disallowing impeachment on the old conviction, we affirm the trial court's judgment.

## I. Standard of Review

"We review a trial court's decision to admit or exclude evidence for an abuse of discretion." *Flowers v. State*, 438 S.W.3d 96, 103 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010)). "Abuse of discretion occurs only if the decision is 'so clearly wrong as to lie outside the zone within which reasonable people might disagree.'" *Id.* (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). "We may not substitute our own decision for that of the trial court." *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)). "We will uphold an evidentiary ruling if it was correct on any theory of law applicable to the case." *Id.* (citing *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009)).

## II. Factual Background

The victim's mother, E.R., testified about the victim's outcry. To attack E.R.'s character for truthfulness, Kirkpatrick sought to cross-examine her about a California conviction for

"receiving known stolen property." Kirkpatrick established that E.R. was arrested for the offense in 2003 and was placed on probation, but violated its terms and conditions by failing to appear in court. As a result, E.R.'s probation was revoked, and she was sentenced to confinement, which ended in 2008. It is undisputed that, by the time of trial, more than ten years had passed since E.R.'s theft conviction and her release from confinement on the conviction.

Under Rule 609, "Evidence of the conviction [wa]s admissible only if its probative value, supported by specific facts and circumstances, substantially outweigh[ed] its prejudicial effect." TEX. R. EVID. 609(b). After finding that the old conviction had little probative value and was substantially outweighed by its prejudicial effect, the trial court prohibited its use during Kirkpatrick's cross-examination of E.R.

### III. Our Analysis Shows There Was No Abuse of Discretion

Under Rule 609, Kirkpatrick bore the burden of showing that the probative value of E.R.'s receiving known stolen property conviction substantially outweighed its prejudicial effect. *See* TEX. R. EVID. 609(b); *Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992).

In *Theus*, "[t]he Texas Court of Criminal Appeals . . . announced five factors to consider in determining whether the probative value outweighs the prejudicial effect." *Medina v. State*, 367 S.W.3d 470, 474–75 (Tex. App.—Texarkana 2012, no pet.) (citing *Theus*, 845 S.W.3d at 880). Those factors are:

> (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the [date the witness testifies] and the witness' subsequent [criminal] history, (3) the similarity between the past crime [and the conduct at issue in the present trial], (4) the importance of the [witness]'s testimony, and (5) the importance of the credibility issue.

3

*Id.* (quoting *Theus*, 845 S.W.2d at 880); *see Blacklock v. State*, 611 S.W.3d 162, 170 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (citing *Moore v. State*, 143 S.W.3d 305, 312–13 (Tex. App.—Waco 2004, pet. ref'd) ("adapting *Theus* factors to cases in which witness subject to impeachment with prior convictions is not the defendant")). "Wide discretion is accorded the trial court's decision in weighing these factors, and the decision should be reversed on appeal only if there is a showing of a clear abuse of discretion." *Medina*, 367 S.W.3d at 475 (quoting *Berry v. State*, 179 S.W.3d 175, 180 (Tex. App.—Texarkana 2005, no pet.)). Here, a *Theus* analysis reveals a lack of abuse of discretion.

Under the first factor, the trial court found that E.R.'s prior conviction for knowingly receiving stolen property was a crime of moral turpitude, which carries higher impeachment value and favors admission. *See Theus*, 845 S.W.2d at 881; *Blacklock*, 611 S.W.3d at 171. But this is the only factor that favors admission.

"[T]he second factor will favor admission if the past crime is recent and if the witness has demonstrated a propensity for running afoul of the law." *Theus*, 845 S.W.2d at 881. Here, the record shows that E.R.'s prior offense occurred in 2003, twenty years before her May 2023 testimony. Although she violated her probation by failing to appear in court, there was no evidence of the circumstances for such failure, and her release from confinement occurred in 2008, fifteen years before her trial testimony. E.R. testified that she was never arrested after her release in 2008. Because E.R.'s prior conviction was remote and Kirkpatrick was unable to show that E.R. ran afoul of the law by committing other offenses since her release, we find that the second *Theus* factor weighs against admission of the remote offense.

4

Next, the third "factor focuses on the potential for unfair prejudice due to similarity of past conduct with the conduct at issue in the present litigation." *Blacklock*, 611 S.W.3d at 171. Here, "[t]he absence of similarities between [E.R.'s prior] conviction[] and h[er] conduct on the occasion in question indicates no significant danger of unfair prejudice on this basis." *Moore*, 143 S.W.3d at 313. Accordingly, the third *Theus* factor weighs against admission of the old conviction.

"In reviewing the final two factors we consider the importance of the witness's testimony and the importance of the witness's credibility." *Blacklock*, 611 S.W.3d at 171. "A witness's credibility is less important where other evidence or testimony corroborates the witness's testimony." *Id.* at 172. Before E.R. testified about the victim's outcry, the victim had already given her account of the sexual abuse she suffered at Kirkpatrick's hands, thereby decreasing the importance of E.R.'s testimony. E.R.'s testimony was also corroborated by Hannia Martinez, a forensic interviewer with the Children's Advocacy Center who testified about her interview with the victim, which was admitted without objection and published to the jury. During that interview, the victim discussed her abuse by Kirkpatrick. Kathy Lach, a sexual assault nurse examiner, also testified about the victim's statements of abuse by Kirkpatrick. Because ample other evidence corroborated E.R.'s testimony, E.R.'s credibility was less important. *See id.* As a result, the last two *Theus* factors weigh against admitting E.R.'s old conviction.

After weighing all of the *Theus* factors and finding only one in five in Kirkpatrick's favor, we conclude that the trial court did not abuse its discretion by determining that the probative value of E.R.'s conviction was not substantially outweighed by its prejudicial effect. As a result, we overrule Kirkpatrick's sole point of error.

5

## IV.    Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     April 8, 2024
Date Decided:       April 12, 2024

Do Not Publish